**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANTHONY MERTSON and MICHAEL SCHIRANO, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

ROUTE APP, INC.,

Defendant.

Case No.: 3:26-cv-1172 (ECC/ML)

**CLASS ACTION COMPLAINT**

**(DEMAND FOR JURY TRIAL)**

Plaintiffs Anthony Mertson and Michael Schirano on behalf of themselves and all others similarly situated, complain and allege upon information and belief based, among other things, upon the investigation made by Plaintiffs and through their attorneys as follows:

## INTRODUCTION

1. This is a proposed class action seeking monetary damages, restitution, and public injunctive and declaratory relief from Route App, Inc. ("Route") arising from its deceptive addition of junk fees to consumers' shopping carts.

2. When consumers browse products on e-commerce websites, the e-commerce website will advertise the price of its retail items, along with an advertisement for either free or flat rate shipping. Those pricing representations are false, however, because Route encourages e-commerce retailers to surreptitiously add junk fees to consumer purchases, including Route's so-called "Shipping Protection" fee.

3. As discussed in detail herein, the assessment of these fees is deceptive and unfair, since: (a) Route sneaks these fees into consumers' shopping carts by its widget interface design; (b) Route confusingly named the add on fee "Shipping Protection" or "Package Protection," and

(c) Route structured the auto-checked default specifically to generate revenue from consumers who would otherwise not choose to opt-in. Reasonable consumers, like Plaintiffs, would not knowingly choose to pay them, absent Route' deception.

4. Thousands of e-commerce customers like Plaintiffs have been assessed hidden shipping charges for which they did not bargain due to Route's deceptive tactics.

5. Plaintiffs seek damages and, among other remedies, public injunctive relief that fairly allows consumers to decide whether they will pay shipping costs.

## PARTIES

6. Plaintiff Anthony Mertson is a resident and a citizen of Owego, New York.

7. Plaintiff Michael Schirano is a resident and a citizen of West Islip, New York.

8. Route is an American software company for e-commerce retailers headquartered in Lehi, Utah.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction of this action, among other reasons, under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because (1) the proposed Class is comprised of at least 100 members; (2) at least one member of the proposed class resides outside of New York; and (3) the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Route are subject to personal jurisdiction here and regularly conducts business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### I. The Rise of Route

11. Route offers various services to e-commerce retailers related to shipping including its purported "Shipping Protection."

12. Route ingratiates itself with e-commerce retailers by promising it can help retailers make more money from the shipping rates they charge consumers. For example, Route promises to help retailers "protect" their "bottom line" with Route's package protection.




13. But the way in which Route helps e-commerce retailers protect their "bottom line" is through deception. As described herein, Route directs e-commerce retailers who use its services to install a widget on its website. That widget adds a hidden, *pre-selected* box or toggle that automatically adds junk fees like "Package Protection" fees, seen in the image above, to all orders. This method of adding on fees is designed to go undetected by consumers and thus provide additional revenue to both Route and e-commerce retailers who use it.

14. On information and belief, Route designs the interface presented by merchants to consumers regarding the add-on fee, including the name of the fee, the time at which the fee is first mentioned during the checkout process, the time at which the fee amount is added to the purchase price, and the pre-selection of the box or toggle for the fee.

15. Route itself has the pre-selected box or toggle as the default, and encourages merchants to keep its default option in order to pad Route's profits. This strategy works. As Route touts, 98% of merchants leave the pre-checked box pre-checked:




*See* https://merchants.help.route.com/hc/en-us/articles/360020897294-Can-the-box-switch-so-it-s-automatically-unchecked. That is because Route "highly recommends" to its customers that they leave the Default On option in order to increase its own sales to unsuspecting consumers. On information and belief, Route uses sales tactics that pressure merchants into keeping the Default On option.

16. The Wall Street Journal highlights the problem, stating:

> Some brands automatically add optional coverage to orders. ***Customers have complained the fees are disclosed in small fonts, made to appear mandatory when they are not or are displayed late in the online checkout process***.

Imani Moise, *Porch Pirates Are Now Raising the Price You Pay at Checkout*, Wall Street Journal, December 25, 2024, available at https://www.wsj.com/personal-finance/package-theft-hidden-fee-higher-prices-325c4a34?mod=Searchresults_pos3&page=1 (emphasis added).

17. Upon information and belief, Route is aware that by programming its widget to automatically opt in consumers to its "Shipping Protection" fees, most consumers will unknowingly purchase the protection. Route is further aware that had it programmed its widget to offer *optional* Shipping Protection (requiring an opt-in), the vast majority of consumers would not purchase its product.

18. Worse, Route's widget automatically opts consumers into additional shipping-related junk fees even when the e-commerce website at issue expressly and prominently promises that shipping is completely "free" or is a flat price.

19. Route receives a significant portion—upon information and belief, approximately half—of all fees it is able to foist upon consumers, and is thereby incentivizing to minimize the number of persons who opt out of the fee.

20. Because Route's practice is deceptive, Shopify, which handles the technology infrastructure for many direct-to-consumer brands and larger companies, told merchants earlier this month that automatically adding optional charges at checkout will be banned, starting in February of 2025. *Id*.

21. This ban is too little, too late to help the hundreds of thousands of consumers already deceived and exploited like Plaintiffs.

## II. Route Surreptitiously Adds Fees to Consumers' Carts

22. Here's how Route's deception works. When a consumer views an item online through an e-commerce retailer, the consumer is informed that the item will either be delivered for free or a flat rate.

23. Once the consumer begins the checkout process of the e-commerce retailer's website, a small fee for "Shipping Protection by Route" is added to the cart, without the consumer having done anything at all to have added the item to the cart.

24. While the e-commerce retailer's checkout page displays the prechecked box adding the fee, the box is so tiny and purposely designed to go unnoticed by consumers. So, consumers who wish to check-out under the assumption that they are receiving free or flat rate shipping simply click proceed through the checkout process without knowing that they are not in fact, receiving free or flat rate shipping. Consumers are left entirely unaware that the added "shipping protection" charge is optional and must be removed by *unchecking* the box adding the fee.

23. Thus, if consumers even notice a fee added to their transactions, consumers are still left entirely unaware that the added "Shipping Protection" fee charge is optional, because it is presented in the cart as mandatory.

24. This pre-selection and automatic opting in of consumers to junk fees is itself deceptive.

25. Many consumers do not notice that an additional fee is being added to their order. Others believe that they have no choice but to pay this fee. And others still notice the previously undisclosed fee, but decide to go through with the purchase anyway: they have already invested substantial time and effort inputting their information into the Route's system. So it doesn't make sense to start over and research whether there may be some other way to avoid the fee. There is no

incentive to reverse course—there is only an incentive to pay the fee, be done with it, and avoid the burden of finding a way to avoid the fee, if the consumer can even figure out how to avoid the fee at all after navigating Route's deceptive screens. The deceptive checkout practice has done its job and diverted the sale to Route.

26. As the FTC notes, "For years, unscrupulous direct-mail and brick-and-mortar retailers have used design tricks and psychological tactics such as pre-checked boxes, hard-to-find-and read disclosures, and confusing cancellation policies, to get consumers to give up their money or data." *FTC Report Shows Rise in Sophisticated Dark Patterns Designed to Trick and Trap Consumers, September 15, 2022* (available at https://www.ftc.gov/news-events/news/press-releases/2022/09/ftc-report-shows-rise-sophisticated-dark-patterns-designed-trick-trap-consumers).

27. The FTC further notes in its *Enforcement Policy Statement Regarding Negative Option Marketing* that **<u>"[a] 'pre-checked box' does not constitute affirmative consent."</u>** https://www.ftc.gov/system/files/documents/public_statements/1598063/negative_option_policy_statement-10-22-2021-tobureau.pdf at p. 13 (emphasis added). Similarly, an item automatically added to the cart, without having done anything whatsoever to add that item, does not constitute affirmative consent.

## III. <u>Route's "Shipping Protection" Fee Is Inaccurately Named and Described</u>

28. Even beyond the deceptive manner in which the fees are added, the fees themselves are additionally deceptive because a reasonable consumer has reason to confuse a shipping protection fee, automatically added to its cart, as mandatory rather than optional because the shipping protection fee is separate from any basic free shipping promised by the e-commerce retailers.

29. Route was or should have been aware that consumers were and would be deceived by an add-on fee.

30. On information and belief, a significant portion of the fee does not even go toward shipping protection.

31. The Shipping Protection fee, automatically and surreptitiously added to consumers' carts, offends public policy, is unethical, and seriously injures consumers by making them believe that the fee is mandatory, but instead goes toward Route's and e-commerce retailers profits.

32. Worse, even in the exceedingly rare case when a consumer chooses to make a claim, Route works to make it difficult or impossible for consumers to actually recover anything from those claims, creating numerous obstacles for consumers. Numerous online complaints to the Better Business Bureau confirm as much:

> I placed an order via call of duty shop, placed Dec. 6. Order status was never updated and so i filed a claim that my order was never updated. I have screen shots of the company shipping to a different address. I dont know how th9is happened as I used apple pay and they have my shipping address. however, i have proof of a separate order shipping and delivered to mexico and this company closed my case without contacting call of duty or myself about my order. I requested a refund and they refuse to help me.[1]
>
> I ordered 4 items they shipped it separately and I received none of them. I spent $147.03 not including the shipping protection fee. They said they would refund me and I haven't received it at all. Now they are ignoring my emails and customer service tickets.[2]
>
> I was originally contacted on May 24 that the order was shipping. Order never appeared. The company requires an online submission for inquiries but it did not recognize the order info provided in the email so I was unable to get a resolution. Received another email on July 22 that the order was delivered by **** but there was no package. When I contacted **** with the tracking number provided by route I was told that the name and address did not match mine. Once again I tried to contact route through their online complaint form using the order number they provided. I was unable to complete the form as once again it did not recognize the information they provided.[3]

[1] https://www.bbb.org/us/ut/lehi/profile/ecommerce/route-app-inc-1166-90025256/complaints
[2] *Id.*
[3] *Id.*

## VI. Route's Fees are Junk Fees and Violate Federal Guidance

33. Route's fees, such as the Shipping Protection fee, are precisely the type of "Junk Fee" that have come under government scrutiny in recent years:

> Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system.

The White House, The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition, March 5, 2024, available at https://www.whitehouse.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/#_ftnref3

34. As the Federal Trade Commission said recently in its effort to combat Junk Fees:

> [M]any consumers said that sellers often do not advertise the total amount they will have to pay, and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged.

Federal Trade Commission, FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden and falsely advertised fees, October 11, 2023, available at https://www.ftc.gov/news-events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

35. In July of 2024, California expanded its Consumer Legal Remedies Act ("CLRA") amending it to make "drip pricing," illegal, which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service. California Civil Code Section 1770(a)(29). Under the new California law, it is now illegal to advertise a low price for a product, only for that product to be subject to additional or mandatory fees later. In other words, "the price listed or advertised to the consumer must be the full price that the consumer is required to pay."

See California Department of Justice, Office of the Attorney General, *SB 478 Frequently Asked Questions*, available at https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf (last accessed July 18, 2024). As the California Department of Justice stated:

> Businesses are free to explain how they set their prices or to *subsequently* itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive.

*Id*. at p. 4 (emphasis added).

36. In its 2013 publication ".com Disclosures: How to Make Effective Disclosures in Digital Advertising," the FTC makes clear that when advertising and selling are combined on a website, and the consumer will be completing the transaction online, the disclosures should be provided before the consumer makes the decision to buy – for example, before the consumer "add[s] to shopping cart." See Fed. Trade Comm'n, .com Disclosures: How to Make Effective Disclosures iN Digital Advertising at ii, 14 (Mar. 2013), available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf.

37. Route's conduct also violates the federal Restore Online Shopper's Confidence Act, 15 U.S.C. §§ 8401–8405. Specifically, Route used "'negative option'" sales [that] took advantage of consumers' expectations." *Id.*, § 8401(8). Moreover, Route violated ROSCA by using a negative option feature that (1) did not provide text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information; and (2) did not obtain the consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for products or services through such

transaction. *Id*., § 8403(1), (2).

38. Route violates federal guidance by adding the shipping fees as line items after the consumer "add[s] to shopping cart," and by failing to disclose the nature of these fees.

**VII. <u>Plaintiff Mertson's Experience</u>**

39. Plaintiff Mertson purchased chewable tablets from e-commerce retailer 7OHPLUS on January 17, 2026.

40. However, his purchase included a $2.95 "Shipping Protection by Route" fee that was automatically and surreptitiously added to his cart. On information and belief, the precise amount of the fee may have been slightly less because Plaintiff Mertson used a discount code that applied to all items in his cart.

41. Plaintiff Mertson did not know the charge existed or could be removed prior to his purchase.

42. Plaintiff Mertson would not have purchased Shipping Protection if he knew it was optional.

**VIII. <u>Plaintiff Schirano's Experience</u>**

43. Plaintiff Schirano purchased peanut butter bars from Perfect Bar online on September 24, 2024.

44. However, her purchase included a "Route Package Protection" fee of $1.55 that was automatically and surreptitiously added to his cart.

45. Plaintiff Schirano did not know the charge existed or could be removed prior to his purchase.

46. Plaintiff Schirano would not have purchased Shipping Protection if he knew it was optional.

## CLASS ALLEGATIONS

47. Plaintiffs bring this action on behalf of themselves and all other similarly situated persons. The proposed classes are defined as:

> All consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, paid a Shipping Protection fee or other similar fee for a service provided by Route.

48. Plaintiffs also bring this action on behalf of a New York Subclass.

49. Excluded from the Classes are Route, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiffs reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

50. Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and/or add a subclass(es), if necessary, before this Court determines whether certification is appropriate.

51. The questions here are ones of common or general interest such that there is a well-defined community of interest among the members of the Classes. These questions predominate over questions that may affect only individual class members because Route has acted on grounds generally applicable to the Classes. Such common legal or factual questions include, but are not limited to:

a. Whether Route's alleged misconduct misled or had the tendency to mislead consumers;

b. Whether Route engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

c. Whether Route' alleged conduct constitutes violations of the laws asserted;

d. Whether Route breached its contract with consumers;

e. Whether Plaintiffs and members of the Classes were harmed by Route' misrepresentations;

f. Whether Route was unjustly enriched;

g. Whether Plaintiffs and the Classes have been damaged, and if so, the proper measure of damages; and

h. Whether an injunction is necessary to prevent Route from continuing to engage in the wrongful conduct described herein.

52. The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Route's records. Route has the administrative capability through its computer systems and other records to identify all members of the Classes, and such specific information is not otherwise available to Plaintiffs.

53. It is impracticable to bring members of the Classes individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that

might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

54. Plaintiffs' claims are typical of the claims of the other members of the Classes in that they arise out of the same wrongful business practices by Route, as described herein.

55. Plaintiffs are a more than adequate representative of the Classes in that Plaintiffs are Route's customers and have suffered damages as a result of Route's misrepresentations. In addition:

a) Plaintiffs are committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions;

b) There is no conflict of interest between Plaintiffs and the unnamed members of the Classes;

c) Plaintiffs anticipate no difficulty in the management of this litigation as a class action; and

d) Plaintiffs' legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

56. Plaintiffs know of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

57. Route has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate corresponding declaratory relief with respect to the Classes as a whole.

58. All conditions precedent to bringing this action have been satisfied and/or waived.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Nationwide Class)**

59. Plaintiffs repeat and reallege the above allegations as if fully set forth herein.

60. To the detriment of Plaintiffs and the Classes, Route been, and continue to be, unjustly enriched as a result of its wrongful conduct alleged herein.

61. Plaintiffs and the Classes conferred a benefit on Route.

62. Route unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Route to retain.

63. Route' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

64. Plaintiffs and the Classes, therefore, seek disgorgement of all wrongfully obtained fees received by Route as a result of its inequitable conduct as more fully stated herein.

**<u>SECOND CLAIM FOR RELIEF</u>**
**Violation of New York General Business Law Section 349 *et seq.***
**(On Behalf of Plaintiffs and the New York Subclass)**

65. The preceding allegations are incorporated by reference and re-alleged as if fully set forth herein.

66. This cause of action is asserted on behalf of the Class, whose members enjoy the protections of Article 22-A of the New York General Business Law, the Consumer Protection from Deceptive Acts and Practices Law, N.Y. GEN. BUS. LAW § 349 *et seq.*, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. GEN. BUS. LAW § 349(a).

67. Route's policies and practices complained of herein were and are consumer-oriented, in that they affect all consumers who made online purchases from Route.

68. The complained-of policies and practices were and are misleading in a material respect, because (a) Route sneaks these fees into consumers' shopping carts by its widget interface design; (b) Route confusingly named the add on fee "Shipping Protection" or "Package Protection," and (c) Route structured the auto-checked default specifically to generate revenue from consumers who would otherwise not choose to opt-in.

69. Reasonable consumers, like Plaintiffs, would not knowingly choose to pay the Shipping Protection or Package Protection fees, absent Defendant's deception.

70. Plaintiffs and members of the Class were injured as a result of Route's policies and practices, in that they were charged Shipping Protection and Package Protection fees in a deceptive manner as described herein.

71. Route's actions were willful and knowing.

72. As redress for Route's repeated and ongoing violations of these consumer protection statutes, Plaintiffs and members of the Class each seek actual damages, treble damages, statutory damages, injunctive relief, and attorney's fees and costs.

## THIRD CLAIM FOR RELIEF
**False Advertising – N.Y. Gen. Bus. Law § 350**
**(On Behalf of Plaintiffs and the New York Subclass)**

73. The preceding allegations are incorporated by reference.

74. N.Y. Gen. Bus. Law § 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

75. Defendant's actions regarding the Shipping Protection and Package Protection fee, as described herein, constitutes false advertising in the conduct of the business trade or commerce of shipping insurance.

76. Plaintiffs and the Class have been injured by Defendant's violations of N.Y. Gen. Bus. Law § 350.

77. Defendant's false advertising occurred, and continues to occur, in the course of Defendant's business.

78. As an actual and proximate result of Defendant's misconduct, Plaintiffs and the Class were injured and suffered damages.

79. As redress for Defendant's repeated and ongoing violations of this consumer protection statute, Plaintiff and the other members of the Class each seek actual damages, treble damages, statutory damages, injunctive relief, and attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes demands a jury trial on all claims so triable and judgment as follows:

(a) Certification for this matter to proceed as a class action on behalf of the Class;

(b) Declaring Route's shipping fee practices and policies to be in breach of its contract with customers;

(c) For declaratory and injunctive relief as set forth above;

(d) For an order requiring Route to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(e) For compensatory damages according to proof;

(f) For reasonable attorneys' fees and costs of suit;

(g) For pre-judgment interest; and

(h) Awarding such other and further relief as this Court deems just, proper and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs and all others similarly situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

Dated: June 3, 2026

**KALIELGOLD PLLC**

By: /s/*Jeffrey D. Kaliel*
Jeffrey D. Kaliel
Sophia G. Gold
Amanda J. Rosenberg

*Attorneys for Plaintiffs and the Putative Classes*